UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS W. CAMPBELL,

      Plaintiff,

  v.

BELMONT COMMUNITY HOSPITAL, et al.,

      Defendants.

Case No. 2:11-cv-754
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' motion to dismiss (ECF No. 5), Plaintiff's memorandum in opposition (ECF No. 10), and Defendants' reply memorandum (ECF No. 11). For the reasons that follow, this Court finds the motion to dismiss well taken only in part.

### I.  Background

According to the August 18, 2011 complaint, Plaintiff, Thomas Campbell, was previously an employee of Defendant Belmont Community Hospital, which is an affiliate of Defendant Wheeling Hospital. As part of a series of events that are not pertinent to the issue before the Court today, Plaintiff was allegedly replaced in his position by a younger employee in July or August 2009 and then incurred a disciplinary layoff, or was effectively terminated, on or about December 8, 2009. Plaintiff filed a charge with the EEOC and, after obtaining a right to sue letter, then filed the instant action. He asserts a claim for discriminatory termination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. ("ADEA"). (ECF No. 2.) Defendants have filed a motion to dismiss the complaint. (ECF No. 5.) The parties have completed briefing on the motion, which is ripe for disposition.

## II. Discussion

### A. Standard Involved

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6), which requires an assessment of whether Plaintiff has set forth a claim upon which this Court may grant relief.  The Court must construe the First Amended Complaint in favor of Plaintiff, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations present plausible claims.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.

To be considered plausible, a claim must be more than merely conceivable.  *Bell Atlantic Corp.*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).  What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.  *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

### B.  Analysis

In their first argument, Defendants assert that because Plaintiff allegedly last suffered discrimination on December 8, 2009, and because Plaintiff did not file with the EEOC until October 13, 2011, this Court must dismiss his complaint.  It is well settled that under the ADEA, a plaintiff in a state such as Ohio has 300 days from an alleged unlawful employment practice in which to file a charge with the EEOC.  *Viergutz v. Lucent Tech., Inc.*, 375 F. App'x 482, 486 (6th Cir. 2010).  A charge filed outside this time period is barred.  *Id.*

Plaintiff insists that he sufficiently filed with the EEOC by faxing the agency an intake questionnaire on October 1, 2010.  He argues that this form can be deemed to satisfy the charge-filing requirement because it falls within the "wide range of documents [that] might be classified as charges" because they can "be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee."  *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 401 (2008) (holding that an intake form can constitute an ADEA charge in some instances).  In their reply memorandum, Defendants argue that even if the intake questionnaire could ordinarily constitute sufficient filing with the EEOC, the questionnaire involved here is insufficient because it was faxed to the EEOC after the deadline for timely filing.

The record before this Court presents an unusual set of circumstances in regard to the filing date.  Plaintiff asserts in his complaint that, "on or about October 13, 2010, Plaintiff dual-filed a timely charge with the Equal Employment Opportunity Commission (EEOC) and the Ohio Civil Rights Commission."  (ECF No. 2 ¶ 3.)  The pleading does not mention the EEOC intake questionnaire.  After the motion to dismiss attacked the timely filing of the charge,

3

Plaintiff submitted as attachments to his memorandum in opposition his own declaration in which he states that after he signed the intake questionnaire, his wife faxed it to the EEOC on October 1, 2010.  (ECF No. 10-1, at 1, Thomas Campbell Decl. ¶ 5.)  Plaintiff also submitted a declaration from his wife in which she states that they faxed the questionnaire to the EEOC on October 1, 2010.  (ECF No. 10-1, at 3, Ruth Campbell Decl. ¶ 5.)  The intake questionnaire Plaintiff has offered with his memorandum in opposition is dated October 1, 2010, but the facsimile date stamp that appears on the top of each page of the faxed document reads "OCT/06/2010/WED 10:05 AM."  (ECF No. 10-1, at 6-10, Intake Questionnaire.)  An attached EEOC Case Activity Log obtained from the agency and also submitted with the memorandum in opposition states that the EEOC received the intake questionnaire on October 1, 2010.  (ECF No. 10-1, at 11, Case Activity Log.)

These facts indicate that one of two likely scenarios is true.  One possibility is that Plaintiff faxed the intake questionnaire to the EEOC on October 1, 2010, and that the agency received it on that day despite the fact that a fax machine indicated the wrong date of transmission.  The other most likely possibility is that Plaintiff faxed the intake questionnaire on October 6, 2010, but in recording the date of filing, the EEOC went by the handwritten date of October 1, 2010 that Plaintiff wrote on the form and not by the automatically machine-stamped date.  Under the former scenario, Plaintiff has an argument for timely filing.  Under the latter scenario, Plaintiff's case fails.

Defendants dismiss consideration of either possibility by arguing that Plaintiff is attempting to salvage his case by impermissibly relying on material that is outside the complaint. The threshold question is whether this Court can consider material extrinsic to that pleading in

addressing the timely filing issue.  The intake questionnaire is not mentioned in the complaint and therefore cannot be defined as incorporated into the pleading by explicit reference.  This suggests that the Court cannot consider the supplemental material in a Rule 12(b)(6) context. *See Moss v. Detroit Edison Co.*, 149 F.3d 1184, 1998 WL 322657, at *2 (6th Cir. 1998) (unpublished table decision) (applying summary judgment standard to review of Rule 12(b)(6) dismissal of time-barred ADEA complaint because "the district court's analysis makes it clear that the court considered evidence outside the pleadings").

Some courts endorse consideration of such material in the Rule 12(b)(6) context.  For example, noting the holding of *Holowecki*, the Third Circuit has remanded a case for a district court to consider whether an intake questionnaire would create timely filing to preclude a Rule 12(b)(6) dismissal when the questionnaire was not part of the district court record.  *Joseph v. Pennsylvania Dep't of Envtl. Prot.*, 309 F. App'x 636, 637 (3d Cir. 2009).  Additionally, the Second Circuit has held that in the Rule 12(b)(6) context, it is proper for a court to consider relevant EEOC filings and a declaration that a plaintiff submits to a district court, even if not attached to the complaint, when a plaintiff relies on such documents to satisfy the ADEA's time limit requirements.  *Holowecki v. Fed. Exp. Corp.*, 440 F.3d 558, 565 (2d Cir. 2006).  *See also id.* at 565-66 (" '[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment.' " (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995))).

This Court will not ignore the intake questionnaire.  It does not matter whether

consideration of that document technically requires conversion of the motion to dismiss into a motion for summary judgment, however, because the end result is the same. Engaging in such permissible consideration leads to the issue of what to do about the factual issue the conflicting fax dates present. Defendants insist that the discrepancy between the October 1, 2010 filing date asserted in the declarations and the contradictory October 6, 2010 filing date on the fax stamp is fatal to Plaintiff's argument. But this Court cannot resolve the factual inconsistency or evaluate credibility in either a Rule 12(b)(6) or Rule 56 context. Even if resolution were permissible, there is not enough here to prove conclusive. As Defendants appear in their reply memorandum to recognize as a possible if not probable conclusion, the Court accepts that the factual allegations present a plausible claim. As Defendants also recognize in their briefing, however, subsequent discovery on the filing issue is permissible. It may turn out that Plaintiff timely filed his intake questionnaire, or it may turn out that Defendants are entitled to summary judgment as a result of untimely filing. Having reached today's conclusion, the Court need not and does not discuss Plaintiff's alternative argument for equitable tolling.

This leads to Defendants' next ground for dismissal. In their reply memorandum, Defendants argue that even if the Court does not regard the entire ADEA claim as time barred, this Court must still dismiss any portion of the claim targeting alleged acts of discrimination that occurred 300 days before the asserted EEOC filing date of October 1, 2010. Specifically, Defendants target the alleged July or August 2009 replacement of Plaintiff with a younger employee, characterizing it as a discrete act from Plaintiff's alleged December 2009 effective termination.

This Court agrees with Defendants that the July or August 2009 replacement is a discrete

act that falls outside the 300-day scope of Plaintiff's filing.  But the Court disagrees with Defendants' apparent reading of the complaint and the need for any consequent action.  That document asserts only a single, notably narrow ADEA claim, which Plaintiff labels as follows: "**Claim for Relief: Discriminatory Termination under the ADEA.**"  (ECF No. 2, at 4.)  The prayer related to the claim then seeks only reinstatement and related damages.  Because the discriminatory termination claim is discrete from the alleged discriminatory replacement allegation, it appears that Defendants are simply being exceptionally cautious in seeking dismissal of that which is not there.  In other words, it does not matter that Plaintiff mentions the alleged replacement earlier in the complaint and incorporates it into his claim when the complaint does not ask for relief on the alleged discrimination presented by the replacement.  The pleading presents a lawsuit that seeks relief only on the purported discriminatory termination.  Although Plaintiff mentions the replacement in his complaint, Rule 12(b)(6) is not the mechanism for dismissing (or, as Defendants alternatively suggest, striking) irrelevant material from a pleading.

This leaves Defendants' last ground for dismissal.  Defendants argue that the Court must dismiss Defendant Wheeling Hospital because Plaintiff failed to identify Wheeling Hospital in his EEOC charge.  The Sixth Circuit has explained that "[a] party may only sue an entity for violating civil rights statutes such as . . . the ADEA if it named the same entity in its prior EEOC charge."  *Szoke v. United Parcel Service of America, Inc.*, 398 F. App'x 145, 153 (6th Cir. 2010) (citing *Knafel v. Pepsi–Cola Bottlers of Akron, Inc.*, 899 F.2d 1473, 1480-81 (6th Cir. 1990)).  Review of the EEOC charge indicates that Plaintiff named only Defendant Belmont Community Hospital.

This fact is not necessarily dispositive of the issue, however, because the court of appeals has also explained that the foregoing general rule is qualified:

> There is a limited exception . . . when the unnamed party in the EEOC charge has a "clear identity of interest" with the party actually sued. *Id.* at 1481 (citation and internal quotation marks omitted). We have adopted two separate tests to determine when an identity of interest exists. *See Alexander v. Local 496, Laborers' Int'l Union*, 177 F.3d 394, 411-412 (6th Cir. 1999). Under either test, the named and unnamed parties must be "virtual alter egos." *Knafel*, 899 F.2d at 1481. Merely showing that they are parent and subsidiary is not sufficient. *See id.*

*Id.* at 153-54. The Sixth Circuit went on to discuss each test:

> The first test, known as the Seventh Circuit test, requires that a party demonstrate that "the unnamed party possesse[d] sufficient notice of the claim to participate in voluntary conciliation proceedings" before the EEOC. *Alexander,* 177 F.3d at 411; *see also Eggleston v. Chicago Journeyman Plumbers' Local Union No. 130,* 657 F.2d 890, 905 (7th Cir. 1981). We have required that the unnamed party have actual notice of the claim. *See, e.g., Alexander*, 177 F.3d at 412 (finding the test satisfied when a local union official against whom plaintiff filed discrimination charges informed the national union and forwarded copies of the charges); *Jackson v. Fed. Express Corp.*, No. 04–2470 Ma/A, 2006 WL 181964, at *3–4, 2006 U.S. Dist. LEXIS 5060, at *8–9 (W.D. Tenn. Jan. 18, 2006) (EEOC directly contacted unnamed party, and it responded as though charge filed against it).

*Id.* at 154. The court of appeals has stated that "the purpose of the Seventh Circuit test is to allow claims to proceed only against those unnamed parties who had an opportunity to attempt voluntary conciliation before the EEOC." *Id.*

The Sixth Circuit has explained the second test as follows:

> The second test we have adopted for determining whether an identity of interest exists is known as the Third Circuit test. *Alexander*, 177 F.3d at 411; *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977). The four factors to consider under that test are:
> (1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;
> (2) Whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

8

> (3) Whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;
>
> (4) Whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.
>
> *Romain v. Kurek*, 836 F.2d 241, 246 (6th Cir. 1987) (citation omitted). These factors consider the relationship between the named and unnamed party when Appellants filed their initial EEOC charge. *Alexander*, 177 F.3d at 411.

*Id.*

Plaintiff is correct that he has asserted in his complaint a link between Wheeling Hospital and the alleged discrimination. After previously identifying Belmont Community Hospital as an affiliate of Wheeling Hospital, the complaint later provides:

> In or around June, 2009, Defendant Wheeling Hospital moved Susan Falbo, Vice President of Human Resources at Wheeling, to the position of Administrator of Belmont Community Hospital. Between June, 2009, and December 8, 2009. Defendants, through their duly-authorized representative, Falbo, made it clear that Belmont Community Hospital needed to get rid of all the "old" employees. Further, Donna Moore, Human Resources and Nursing Supervisor attended a meeting at Wheeling Hospital, and upon her return from the meeting, she reported to multiple employees in the lunch room that Pat Liebman, second in command at Wheeling Hospital, had made it clear that Belmont Community Hospital needed to get rid of all the "old" employees.

(ECF No. 2 ¶ 11.) Plaintiff also notes that his intake questionnaire tracks this purported Wheeling-Belmont link. Plaintiff does concede in his briefing that "[n]aming Wheeling in the facts differs from naming it as a Respondent," but he concludes that "[i]n light of the allegations in the Intake Questionnaire and the integrated employment practices, it is inconceivable that Wheeling was not informed about [Plaintiff's] EEOC filing and its processing." (ECF No. 10, at 7.)

This Court does not think that inconceivable means what Defendants think it means. It is not beyond conception, not unimaginable, and not unthinkable that Wheeling Hospital was not

9

informed of the EEOC charge. Plaintiff's argument in this regard is based on speculation; he deems it "exceedingly likely" that Wheeling Hospital had the requisite adequate notice. (ECF No. 10, at 7.) There is no evidence before this Court, however, that Wheeling Hospital had actual notice of the EEOC charge. Consequently, Plaintiff has failed to satisfy the first identity of interest test.

The parties disagree as to whether Plaintiff has satisfied the second test. Plaintiff argues that although he knew Wheeling Hospital masterminded the purported pattern or practice of discrimination, he was proceeding as a layperson when he targeted only his direct employer in his EEOC charge. By Plaintiff's own characterization of the facts, he could have ascertained through reasonable effort the role of Wheeling Hospital at the time of the filing of the EEOC complaint. The first factor of the four-pronged test weighs against Plaintiff.

The second factor similarly weighs against Plaintiff. He argues that the purported overlapping employment practices of Wheeling Hospital and Belmont Community Hospital rendered naming the former hospital unnecessary to ensure participation in voluntary conciliation efforts. As discussed earlier, Plaintiff's theory of the relationship between the two entities depends in part on pure speculation, which renders less than conclusive the contention that the interests of Belmont Community Hospital are so similar as the interests of Wheeling Hospital that for the purpose of obtaining voluntary conciliation and compliance it would have been unnecessary to have included Wheeling Hospital in the EEOC proceedings. The evidence before this Court does not present the hospitals as the requisite virtual alter egos for the exception to apply.

Plaintiff argues that the third factor weighs in his favor–whether the absence of Wheeling

Hospital from the EEOC proceedings resulted in actual prejudice to that hospital–because Wheeling Hospital has failed to assert actual prejudice. The Sixth Circuit has explained, however, that when an unnamed party did not have the opportunity to participate in conciliation and did not have actual notice of the EEOC charge, it suffers prejudice. *Szoke*, 398 F. App'x at 155.

Given that the first three factors weigh so heavily against Plaintiff, the fourth and final factor, whether Wheeling Hospital has in some way represented to Plaintiff that its relationship with him is to be through the named party, is essentially irrelevant. Plaintiff argues that Wheeling Hospital "has certainly indicated to [him] that his direct employer, its affiliate, Belmont Community, was the focus of his relationship." (ECF No. 10, at 8.) Wheeling Hospital offers little argument on this factor but, as noted, the weight of the inquiry already falls against Plaintiff. Wheeling Hospital is entitled to dismissal.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss. (ECF No. 5.) This Court dismisses the claim against Wheeling Hospital. The claim against Belmont Community Hospital remains pending.

**IT IS SO ORDERED**.

       /s/ Gregory L. Frost  
    GREGORY L. FROST  
    UNITED STATES DISTRICT JUDGE